```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X
IRVING STITSKY,

                        Petitioner,

            -against-

UNITED STATES OF AMERICA,

                        Respondent.
------------------------------------------------------X
```

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3/19/19

15-CV-7889 (KMW)

06-CR-357 (KMW)

**OPINION AND ORDER**

KIMBA M. WOOD, United States District Judge:

Petitioner in this action, Irving Stitsky ("Stitsky"), moves under Federal Rule of Civil Procedure 59(e) for an alteration, amendment, or modification of this Court's denial of his motion to vacate, set aside, or correct his judgment and sentence, filed pursuant to 28 U.S.C. § 2255. (ECF No. 29.)[1] In his motion for relief, Stitsky raises essentially the same issues and arguments the Court considered in denying his § 2255 petition.

For the reasons stated below, the Court DENIES Stitsky's motion for relief.

## BACKGROUND

The Court assumes the parties' familiarity with the facts and procedural history of this case, both of which are described in the Court's Opinion and Order denying Stitsky's § 2255 petition. (*See* ECF No. 28, at 1–3.) Briefly, Stitsky, along with several other defendants, participated in a fraudulent investment scheme, in which the defendants induced investors to invest millions of dollars in Cobalt Capital Partners ("Cobalt"), an investment firm, and then converted the funds for their own benefit. (*Id.* at 1–2.) Stitsky was convicted after a thirteen-day

---

[1] Unless otherwise noted, all ECF citations refer to the civil docket, *Stitsky v. United States*, 1:15-cv-07889-KMW.

trial and subsequently sentenced to the statutory maximum of eighty-five years of imprisonment. (*Id.* at 2.) The Second Circuit affirmed Stitsky's sentence. (*Id.* at 3.)

Following his appeal, Stitsky moved this Court for an order vacating, setting aside, or correcting his judgment and sentence pursuant to 28 U.S.C. § 2255. (ECF No. 1.) The petition asserted that: (1) Stitsky's counsel rendered ineffective assistance at sentencing, during plea negotiations, and at trial; (2) certain Guidelines enhancements applied to Stitsky's sentence were unconstitutionally vague; and (3) the disparity between the government's plea offers and the post-trial sentence was an unconstitutional penalty for going to trial. (*Id.*) The Court denied Stitsky's § 2255 petition. (ECF No. 28.)

Stitsky now moves the Court for relief from judgment under Rule 59(e). (ECF No. 29.)

## DISCUSSION

### I. Legal standard

"The standard for granting . . . a [Rule 59] motion is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp. Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). "It is well-settled that Rule 59 is not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a 'second bite at the apple' . . . ." *Sequa Corp. v. GBJ Corp.*, 156 F.3d 136, 144 (2d Cir. 1998).

Because Stitsky is proceeding *pro se*, his submissions will be "liberally construed in his favor," *Simmons v. Abruzzo*, 49 F.3d 83, 87 (2d Cir. 1995), and will be read "to raise the strongest arguments they suggest," *Green v. United States*, 260 F.3d 78, 83 (2d Cir. 2001) (quoting *Graham v. Henderson*, 89 F.3d 75, 79 (2d Cir. 1996)).

2

## II. Stitsky's arguments for relief

Stitsky's present motion for relief does not point to any overlooked law or evidence that might reasonably be expected to alter the denial of his § 2255 petition. Instead, Stitsky uses Rule 59(e) as a vehicle to relitigate issues and arguments the Court previously rejected in denying his § 2255 petition. Nevertheless, recognizing that Stitsky is proceeding *pro se*, the Court will briefly address his two principal arguments.

### A. Alleged ineffectiveness during plea bargaining

Stitsky argues that the Court "has chosen to ignore the fact" that his trial counsel, Dennis Kelleher, purportedly "never properly presented the possible sentence that Stitsky could have been exposed to" during plea negotiations—that is, Kelleher never "presented the real possibility that Stitsky could have been convicted to 85 years." (ECF No. 29, at 7.) Stitsky is incorrect. In its denial of the § 2255 petition, the Court did not "ignore" Stitsky's argument that Kelleher failed to apprise Stitsky of his potential sentencing exposure. (*See* ECF No. 28, at 10 n.4.) Instead, the Court concluded that, because Stitsky raised this argument for the first time in his reply brief, which was counseled, and never moved to amend his § 2255 petition, the argument was forfeited. (*Id.* (citing *Evangelista v. Ashcroft*, 359 F.3d 145, 155 n.4 (2d Cir. 2004).) In the present motion for relief, Stitsky does not identify any evidence or law the Court overlooked that would alter this determination.

Even if the above determination were incorrect, Stitsky's argument fares no better on the merits. According to Stitsky's own version of events, his plea discussions with Kelleher concluded in late 2008. (*Id.* at 7–8.) At that time, however, the operative indictment charged Stitsky with one count of conspiracy to commit securities, wire and mail fraud and one count of securities fraud, resulting in a maximum statutory sentence of twenty-five years of

imprisonment. (*See Stitsky v. United States*, 1:06-cr-00357-KMW, ECF No. 1.) Stitsky was thus *not* exposed to an eighty-five year sentence at the time of plea negotiations. Moreover, Kelleher "explained to [Stitsky] and predicted that the government may eventually supersede the indictment to add more counts." (Aff. Dennis Kelleher, ECF No. 27, at ¶ 10.)[2] This is precisely what occurred when the Government filed a superseding indictment in August 2009, which added three additional charges and increased Stitsky's potential sentencing exposure by sixty years. (*See Stitsky v. United States*, 1:06-cr-00357-KMW, ECF No. 198.) Because Kelleher could not have advised Stitsky as to the "real possibility" of an eighty-five year sentence during plea negotiations, Stitsky has not shown he received ineffective assistance.

Even if Stitsky had shown he received ineffective assistance during plea negotiations, he would still not be entitled to relief, because he has not demonstrated prejudice. In denying his § 2255 petition, the Court held that "there [was] compelling evidence in the record suggesting Stitsky would not have accepted the seven to nine year plea offer." (ECF No. 28, at 11.) Stitsky attempts to undercut this determination by suggesting the Court overlooked *Pham v. United States*, 317 F.3d 178, 182 (2d Cir. 2003), in which the Second Circuit held that a significant disparity between the high end of a plea offer and the actual sentence, coupled with a post-sentence statement from the petitioner that he would have accepted a plea deal, was sufficient to demonstrate prejudice. But far from overlooking this holding, the Court explicitly distinguished

---

[2] Stitsky's allegations related to the extent of the sentencing exposure he faced are contradictory, and the Court does not credit them. Stitsky's motion for relief states that "Kelleher knew that Stitsky was thinking in terms of 5–7 years or 7–9 years, *as those were the only numbers discussed between Kelleher and Stitsky*." (ECF No. 29, at 7 (emphasis added).) But in his affidavit attached to his reply, Stitsky states that Kelleher "thought the government would ask for 10–12 years' imprisonment, and he later said that 15 years was possible." (ECF No. 25, Attach. 1, at ¶ 8.) In his affirmation, Kelleher states that, during plea negotiations, he discussed with Stitsky *United States v. Kelley*, 551 F.3d 171 (2d Cir. 2009), in which this Court sentenced the defendant to more than fourteen years of imprisonment. (Aff. Dennis Kelleher, ECF No. 27, at ¶ 10.) Kelleher avers that he warned Stitsky of the potential for a harsher sentence, given Stitsky's "extensive criminal and regulatory history [as] . . . a white-collar criminal who would not stop committing white collar crimes and formulating the instant crime while in prison with Shapiro." (*Id.*)

4

*Pham* based on the evidence in the record in this case. (*See* ECF No. 28, at 12.) Contrary to Stitsky's argument, *Pham* does not stand for the proposition that a significant disparity and an assertion that a plea deal would have been accepted *requires* the Court to find prejudice. *See, e.g.*, *Mickens v. United States*, No. 97-CV-2122 (JS), 2006 WL 2505252, at * 2 (E.D.N.Y. Aug. 28, 2007) ("*Pham* does not create a *per se* rule; other evidence may be considered in determining whether a petitioner has satisfied his burden under *Strickland* [*v. Washington*, 466 U.S. 668 (1984).]"), *aff'd*, 257 F. App'x 461, 463 (2d Cir. 2007) ("The district court, having the opportunity to assess Mickens' credibility, disbelieved his testimony that he would have accepted the plea agreement. We see no reason to disturb this conclusion."). Therefore, even assuming Stitsky's argument were not forfeited, Stitsky would not be entitled to relief, because he fails to point to evidence or law this Court overlooked in rejecting his claim for ineffective assistance of counsel during plea negotiations.

### B. Alleged ineffectiveness at trial

Stitsky contends that Kelleher inadequately emphasized Stitsky's "minor role" at Cobalt and failed to establish that Stitsky was not a partner in the fraudulent venture. (ECF No. 29, at 3–4.) The Court addressed this argument at length in its denial of Stitsky's § 2255 petition, (*see* ECF No. 28, at 17–18.), and Stitsky does not identify any evidence or controlling law that the Court overlooked in rejecting his claim. Therefore, Stitsky essentially moves this Court to reevaluate the merits of his argument based on the same evidence and law the Court already relied upon in denying his § 2255 petition. This "second bite at the apple" is not permitted under Rule 59(e).

Even if there were reason for the Court to revisit its previous determination that Stitsky failed to show Kelleher was ineffective at trial, Stitsky would still not be entitled to relief. This

is so because, in denying Stitsky's § 2255 petition, the Court also concluded that Stitsky nowhere alleged—not in his § 2255 petition, his reply, or the affidavit attached to his reply—that Kelleher's ineffectiveness at trial resulted in prejudice. (*Id.* at 14.)[3] Rather than point to evidence or law overlooked by the Court, Stitsky simply alleges prejudice *for the first time* in the present motion for relief. (*See* ECF No. 29, at 4–6.) Again, this "second bite at the apple" is not permitted under Rule 59(e). Moreover, even if the Court credited this belated and bare allegation of prejudice, Stitsky would still not be entitled to relief, because as the Court previously held, "[t]he evidence against Stitsky at trial was so overwhelming that, even absent the alleged unprofessional conduct [by Kelleher], the outcome of the case would have been unquestionably the same." (ECF No. 28, at 14 (citing *United States v. Reiter* 897 F.2d 639, 645 (2d Cir. 1990)).)

## CONCLUSION

For the reasons stated above, Stitsky's Rule 59(e) motion for relief is DENIED. A certificate of appealability will not issue, because Stitsky failed to make a substantial showing of a denial of a constitutional right. *See* 28 U.S.C. § 2253(c)(2). The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith and, therefore, *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

The Clerk of Court is directed to terminate the motion at ECF No. 29 and to mail a copy of this opinion and order to Stitsky.

SO ORDERED.

Dated: New York, New York
March 19, 2019

*Kimba M. Wood*
KIMBA M. WOOD
United States District Judge

---

[3] To reiterate, Stitsky's reply brief was counseled.

6